FILED
SUPERIOR COURT
OF GUAM

2022 MAR -8 PM 2: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| LUIS DE VERA,<br><br>                           Plaintiff,<br><br>          vs.<br><br>PAYLESS SUPERMARKETS and<br>CLIFFORD J. RUDER,<br><br>                       Defendants. | **Superior Court Case No. CV0631-21**<br><br><br>**DECISION AND ORDER RE MOTION<br>TO DISMISS COMPLAINT** |

In this slip-and-fall case, Insurance Adjustor and Defendant Clifford J. Ruder moves to dismiss Plaintiff Luis De Vera's claims against him. Finding no legal basis for liability against Ruder, the Court GRANTS his Motion to Dismiss. The Court further admonishes De Vera to act with civility.

## I.    PROCEDURAL BACKGROUND

De Vera's Complaint alleges that on May 20, 2021, as he was exiting Payless Supermarket in Dededo, his left foot became entangled with either the carpet or tape causing him to fall and injure his left foot, shoulder and head. De Vera claims that his injury was caused by "the defendant markets" failure to take safety precautions regarding the carpet and tape. He claims to have suffered $5,000 in injuries and also seeks $10,000 in punitive damages. Compl. Personal Injuries with Damages (Aug. 16, 2021). The Complaint's sole reference to Ruder alleges that he "is with Guam Insurance Adjuster Inc. with office at Ada's Plaza in Agana where it may be served with Summons." Compl. Personal Injuries with Damages.

Ruder moves to dismiss the Complaint on grounds that De Vera fails to state a cause of action for relief against him. Ruder also asks that dismissal be with prejudice as no amendment

can cure De Vera's deficiency in stating a cause of action against him. De Vera responds that

Ruder, as an insurance adjuster, "made a decision to deny the claim without due investigation

and ascertaining the cause of the accident . . . ." Pl.'s Reply (Feb. 7, 2022).

The Court set the Motion for oral argument on March 1, 2022. CVR 7.1 Form 3 (Feb.

14, 2022). Notice of the hearing was mailed to De Vera at the address on his Complaint. Decl.

Mailing (Feb. 14, 2022). De Vera did not appear at the hearing despite the service of the notice.

## II.  **LAW AND DISCUSSION**

A complaint may be dismissed for failure to state a claim upon which relief may be

granted. GRCP 12(b)(6). Under Rule 12(b)(6), the facts in the complaint are construed in the

light most favorable and all doubts are resolved in the favor of the non-moving party. *Lujan v.

J.L.H. Trust*, 2016 Guam 24 ¶ 10. A Rule 12 (b)(6) motion tests only whether the claim has been

adequately stated in the complaint, and the purpose of a 12(b)(6) motion is to assess the legal

feasibility of the complaint, not to weigh the evidence which the plaintiff offers or intends to

offer. *Ryder Energy Distribution Corp. v. Merrill Lynch Commodities. Inc.*, 748 F.2d 774, 779

(2d Cir. 1984). Thus, on a motion under Rule 12(b)(6), the court's inquiry is limited to the

content of the complaint and the court should not dismiss the complaint merely because the court

doubts the plaintiff will prevail in the action, or that the possibility of ultimate recovery is

remote. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Neitzke v. Williams*, 490 U.S. 319, 327

(1989). Although the Court should not search for causes of action, if the factual allegations of

the complaint contain sufficient information to support a cause of action, the Court cannot

dismiss the complaint. *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶¶ 11, 16.

The Complaint's sole reference to Ruder alleges that he "is with Guam Insurance

Adjuster Inc. with office at Ada's Plaza in Agana where it may be served with Summons."

Compl. Personal Injuries with Damages. Taken in the light most favorable to De Vera, the Court

construes this fact as meaning that Ruder is an insurance adjuster with Guam Insurance Adjusters, Inc., and he provided services to Payless relating to this incident. Since De Vera makes no other references to Ruder in the Complaint, the Court construes his claim against Ruder as the same one alleged against Payless, that is, negligence.

To prevail on a negligence claim against Ruder, De Vera must demonstrate four elements: (1) the tortfeasor had a duty to act in a manner that does not place others in an unreasonable risk of harm; (2) that duty was breached; and (3) as a result of that breach, it is the cause (4) of harm or damages suffered by the plaintiff. *Guerrero v. DLB Constr. Co.*, 1999 Guam 9 ¶ 14.

Even construing the facts and resolving all doubts in the light most favorable to De Vera, the Court does not find that Ruder, in his capacity as an insurance adjuster, owed a duty to warn the customers of Payless of a potentially hazardous condition on the premises. First, assuming that Ruder handled the insurance claim resulting from De Vera's injury, his involvement would not have occurred until after the injury. Second, even if Ruder was involved prior to the alleged injury, the scope of an insurance adjuster's duties in performing his job does not include warning the insured's customers of potentially hazardous conditions on the premises.

Based on the foregoing, the Court finds that De Vera's Complaint fails to state a claim against Ruder for which relief may be granted, the Court must dismiss De Vera's claim against him.

In his Opposition, De Vera alleges that his theory of liability against Ruder concerns his alleged failure to conduct an adequate investigation and make an informed recommendation to Guam Insurance Adjusters, Inc., which services Payless as the insured. While this allegation was not alleged in his Complaint and therefore outside of the Court's review on a Rule 12(6)(6) motion, the Court briefly addresses the merits of the argument.

Courts examining similar scenarios generally find that insurance adjusters lack any duty to personal tort victims. Generally, an adjuster's sole duty is to its principal--the insurer. The insurer, and not a third party, is the entity in privity with the adjuster. Further, the majority of states hold that the adjuster's status as the agent of the insurer insulates it from liability. *See Lodholtz v. York Risk Servs. Group*, (collecting cases from 14 states). Courts also note that allowing such claims against adjusters contradict traditional insurance law principles which dictate that claims against adjusters arising out of the handling of insurance claims are properly brought against the insurer. *Sutor v. F.E.M.A.*, 2009 WL 2004375 at *6 (E.D. Pa.).

In response to the Motion, De Vera has not produced any law or caselaw that supports this claim against Ruder or more specifically, establishes that Ruder owed him any duty. Absent any colorable argument that would impose any liability upon Ruder, the Court finds this argument unavailing.

Ruder further asks that dismissal be with prejudice. Ruder points to De Vera's history as a frequent litigant in Guam's federal and local courts and more particularly to *De Vera v. Blaz*, 851 F.2d 294 (9th Cir. 1988), in which the Ninth Circuit affirmed the dismissal with prejudice of De Vera's claims against Congressional Delegate Ben Blaz. In that case, the Ninth Circuit determined that dismissal with prejudice was appropriate because De Vera sought to enforce an illegal complaint and because no amendment could save De Vera's complaint. *Id.* at 297.

While the Court recognizes the strong caselaw against De Vera's theory of liability against Ruder, it also acknowledges that Rule 15 permits liberal amendments and that De Vera represents himself. It is unknown whether any amendment could cure the deficiencies of De Vera's claims against Ruder, but at this stage, it is premature to foreclose him from attempting to so cure. To be clear, the Court is dismissing the claims without prejudice but is not granting leave to amend; De Vera must seek leave if he intends to amend the Complaint.

## III.     THE COURT'S ADMONISHMENT TO DE VERA

Ruder's counsel asks the Court to admonish De Vera about unprofessional conduct. According to counsel, De Vera wrote to him that "You are a shame of the legal profession. YOU SHOULD BE DISBARRED. . . . A lawyer of your kind has no place in a civilized society." Reply, att. (Feb. 7, 2022). The Court agrees that such statements were out of line. The Court admonishes De Vera to act with professionalism and civility when engaging with parties, attorneys, witnesses, and members of court staff.

## IV.     CONCLUSION

The Court determines that De Vera has not stated a cause of action against Ruder. The Motion to Dismiss is GRANTED and the claim against Ruder is DISMISSED WITHOUT PREJUDICE.

SO ORDERED this 8th day of March 2022.

_Elyze Iriarte_

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_Thompson Thompson 'Alcantara_

Date: 3/8/22    Time: 2:11/pm

Deputy Clerk, Superior Court of Guam

Appearing Parties:
Luis De Vera, self-represented Plaintiff
R. Todd Thompson, Esq., Thompson Thompson & Alcantara, P.C., for Defendants Payless
        Supermarkets and Clifford J. Ruder